UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

KELVIN MERRITT,            )
                           )
    Plaintiff,             )
                           )
    v.                     )        15-CV-1159
                           )
DR. OJELADE, et al.,       )
                           )
    Defendants.            )

**MERIT REVIEW OPINION**

JAMES E. SHADID, U.S. District Judge.

Plaintiff proceeds pro se from his incarceration in Pontiac Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is called the "three strikes" rule.

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

In April of 2013, Plaintiff fell backwards in a chair while in his cell in the Pontiac Correctional Center. Plaintiff's hand was allegedly severely swollen and painful, but Dr. Ojelade refused to examine the hand, instead prescribing some pain pills. After repeated requests for medical attention, Dr. Ojelade ordered x-rays about three weeks after the injury. The x-rays allegedly showed that the bones in Plaintiff's hand were shattered in several places. Plaintiff was taken to a bone specialist, who put a cast on the hand and prescribed Tylenol 3 to Plaintiff. The specialist advised Plaintiff that Plaintiff would later need a specialized splint and would need to be closely followed by the specialist for months to ensure proper healing.

Defendants at Pontiac and at Menard (where Plaintiff was transferred for a time) allegedly refused to follow or significantly delayed the specialist's orders with regard to Plaintiff's cast, splint, ace bandage, Tylenol 3, and follow-up visits with the specialist. As

a result, Plaintiff's hand allegedly did not heal properly and is deformed, weak, and painful.  Plaintiff alleges that Wexford Health Sources, Inc., has an unwritten practice of failing to properly train its staff and encouraging staff to fabricate medical records and delay or deny necessary medical care in order to save money. Plaintiff also alleges that his lack of care was in retaliation for his prior grievances and lawsuits.

## ANALYSIS

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment.  <u>Perez v.</u> Fenoglio, 2015 WL 4092294 * 3 (7th Cir. 2015)(reversing dismissal of claim where prisoner alleged delay in meaningful treatment for his hand injury, even though inmate did receive medical attention).  Plaintiff's description of his fractured hand allows an inference of a serious medical need, and an inference of deliberate indifference arguably arises against the Defendants with medical training.  This claim will proceed against the medical Defendants and also against the health care unit administrator at Pontiac, Defendant Arroyo, who allegedly controlled access to the medical staff.  Plaintiff also states a possible Eighth Amendment claim against Wexford Health Sources,

Inc., for allegedly maintaining a tacit policy to encourage deliberate indifference to inmates' serious medical needs.

However, Plaintiff states no plausible claim on the present allegations against the nonmedical defendants (besides the health care unit administrator). There is a "presumption that non-medical officials are entitled to defer to the professional judgment of the facility's medical officials . . . ." Hayes v. Snyder, 546 F.3d 516, 527 (7th Cir. 2008)(summary judgment appropriate where nonmedical defendants promptly investigated complaints and relied on physicians). "'The only exception to this rule is that nonmedical officers may be found deliberately indifferent if "they have a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner."'" McGee v. Adams, 721 F.3d 474, 482 (7th Cir. 2013)(quoted cites omitted). No plausible claim is stated on these allegations against Warden Butler or the other Defendants who processed Plaintiff's grievances. Sherry Benton and "John Doe."

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a claim for

deliberate indifference to his serious medical needs against all Defendants except Defendants Sherry Benton, Kimberly Butler, and "John Doe." This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Defendants Benton, Butler, and John Doe are dismissed, without prejudice.

3) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status

of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    5)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    6)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

1:15-cv-01159-JES  # 8   Page 7 of 9

7) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

9) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

12) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

13) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

14) **The clerk is directed to terminate Defendants Sherry Benton, Kimberly Butler, and John Doe.**

ENTERED: 8/4/2015

FOR THE COURT:

                                  **s/James E. Shadid**
                                  JAMES E. SHADID
                      UNITED STATES DISTRICT JUDGE